UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-21879-CIV-ALTONAGA/Brown

MARGARET SCHUSTER,

      Plaintiff,

vs.

CARNIVAL CORPORATION, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant, Jeremy Watkins's ("Watkins['s]")

Motion . . . to Dismiss for Lack of Personal Jurisdiction . . . ("Motion") [ECF No. 56] filed

November 9, 2010.  The Court has carefully considered the parties' written submissions and the

applicable law.

## I.  BACKGROUND

### A.  Plaintiff's Allegations

This admiralty case arises out of an alleged sexual assault that occurred on one of Defendant,

Carnival Corporation's ("Carnival['s]") cruise ships, the Ecstasy.  (*See* Am. Compl. ¶¶ 10–11, 15–16

[ECF No. 15]).  Plaintiff, Margaret Schuster ("Schuster"), alleges that Defendant, Jeremy Watkins

("Watkins"), drugged "and/or" sexually assaulted her while she was a passenger on the Ecstasy.  (*Id.*

¶¶ 16–17).  She alleges Dickson chartered the Ecstasy in order to run a theme cruise called the "Big

Music Cruise."  (*See id.* ¶¶ 11–12).  According to Schuster, Dickson "operated, managed,

maintained, and/or controlled the vessel, Ecstasy."  (*Id.* ¶ 14).  Watkins was allegedly employed by

Dickson as a performer on the cruise.  (*See id.* ¶ 35).  Schuster was not a guest of the Big Music Cruise; rather, she was simply a "regular" passenger aboard the Ecstasy.  (*See* Mot. Opp. 2 [ECF No. 92]).

Schuster's Amended Complaint (the "Complaint") sets forth five claims: negligence against Carnival (Count I), negligence against Dickson (Count II) , vicarious liability against Carnival (Count III), vicarious liability against Dickson (Count IV), and intentional tort against Watkins (Count V).  Watkins filed the present motion seeking to dismiss for a lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), to quash service of process under Federal Rule of Civil Procedure 12(b)(5), and to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (*See* Mot.).  After Watkins moved to dismiss, Schuster requested the Motion be stayed and she be allowed to take jurisdictional discovery [ECF No. 72], and her request was granted in part [ECF No. 88].  That discovery has been completed, and the Motion is now fully briefed.

Schuster's Complaint lists several grounds for personal jurisdiction over Watkins.  Without identifying which Defendant she is specifically referring to in each paragraph, Plaintiff alleges:

> Defendants, at all times material hereto, personally or through an agent;
>
> > a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
> >
> > b.  Were engaged in substantial activity within this state;
> >
> > c.  Operated vessels and/or chartered vessels in the waters of this state;

Case No. 10-21879-CIV-ALTONAGA/Brown

      d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

      e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

      f.  The defendant, as a common carrier was engaged in the business of providing to the public and to the plaintiff in particular, for compensation, vacation cruises aboard the vessel, Ecstasy.

(Am. Compl. ¶¶ 7(a)–(f)).  Schuster also makes allegations specifically against Dickson.  (*See id.* ¶¶ 11–12, 14).  On the strength of these allegations, she asserts that "Defendants are subject to the jurisdiction of the Courts of this state."  (*Id.* ¶ 8).

**B.  Additional Jurisdictional Facts**

      Through their briefing and jurisdictional discovery, the parties have supplied additional information on Watkins's contacts, or lack thereof, with Florida.  Watkins resides in New Braunfels, Texas.  (*See* Watkins Dep. 8:16–18, Jan. 17, 2011 [ECF No. 108-1]).  He is presently employed by One Court Song, LLC ("One Court Song"), which is located in Edmond, Oklahoma.  (*See id.* 16:21–25, 18:1–9).  Prior to that he was a self-employed musician and held various odd jobs in Texas.  (*See id.* 17:14–18, 21:19–22:3).

      Watkins has only been on three cruises, two of which were Carnival cruises.  (*See id.* 25:20–26:3).  In 2005 and 2009 he was a passenger on Big Music Cruises.  (*See id.* 26:16–27:4, 27:12–28:19).  Although he was aboard both cruises, he did not personally book his presence on either trip.  (*See id.* 29:1–5).  In 2005 he received a ticket as a gift from a friend "Nancy."  (*Id.* 33:1–6).  For the 2009 cruise, he received his ticket from two fans — Oklahoma residents Guy Clark and his wife Theresa.  (*See id.* 39:9–16, 67:9–10).  According to Watkins, Dickson had no

Case No. 10-21879-CIV-ALTONAGA/Brown

involvement with his ticketing.  (*See id.* 36:22–37–1, 40:20–22).  Further, although Dickson never hired or paid him as a performer, Watkins sat in with some friends and played the fiddle on both cruises.  (*See id.* 30:18–21, 44:3–8, 47:13–21).

As a Carnival-cruise passenger, Watkins has had very little contact with Carnival Corporation.  He has never booked a cruise or paid for a ticket.  (*See id.* 29:1–5).  Watkins also never paid Carnival for any incidentals.  (*See id.* 52:18–21).  He does not even recall receiving an actual ticket to board the Ecstasy.  (*See id.* 62:10–14).  Watkins claims he was a mere passenger on the Ecstasy, was never "compensated" by Carnival, and was never a Carnival employee.  (*See id.* 85:19–86:15).

Watkins has performed at Dickson events in the past, but never on a Big Music Cruise.  He has performed at the "Big Ski Trip" from 2001 through the present.  (*Id.* 74:19–75:15).  The Big Ski Trip takes place in Steamboat Springs, Colorado.  (*See id.* 75:9–10).  Watkins has never been "paid" for performing at these events.  (*Id.* 77:7–15).  He does, however, receive free lodging.  (*See id.* 78:15–79:10).  It is unclear and unknown whether Dickson paid for his lodging.  (*See id.* 79:15–17).  Watkins insists that he works for the band "Stoney LaRue," and not Dickson, and he never had an understanding that Dickson would pay for free vacations in exchange for his performances.  (*See id.* 79:18–80:7).  According to Watkins, Dickson had nothing to do with his presence on the Big Music Cruise.  (*See id.* 40:24–41:2).

At no point has Watkins ever worked in Florida, been charged with any crimes in Florida, been charged with any crimes against Florida residents, been represented by a Florida-based lawyer (besides this matter), owned or leased real property in Florida, owned a vehicle registered in Florida,

4

Case No. 10-21879-CIV-ALTONAGA/Brown

received mail in Florida, been employed in Florida, been employed by someone or an entity in Florida, contracted to perform a job for a Florida resident or entity, derived income from Florida, or performed at any Florida venue.  (*See id.* 23:21–25:18, 38:2–4, 64:7–9).

## II.  LEGAL STANDARD[1]

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a claim for relief by asserting the defense of a lack of personal jurisdiction.  *See* FED. R. CIV. P. 12(b)(2).  A personal-jurisdiction challenge presents a two-step inquiry for the Court.  A federal court may only properly exercise personal jurisdiction over a nonresident defendant if two requirements are satisfied: (1) the state long-arm statute; and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citing *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)).

The extent of the applicable long-arm statute is governed by Florida law, and federal courts must construe it as would the Florida Supreme Court.  *See Sculptchair*, 94 F.3d at 627.  Furthermore, the Florida long-arm statute must be strictly construed.  *See id.*; *accord Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1150 (Fla. 3d DCA 2007) ("[T]he long-arm statute must be strictly construed, and any doubts about applicability of the statute [must be] resolved in favor of the defendant and against a conclusion that personal jurisdiction exists . . . .").

---

[1]  This is the second order entered in this case on a defendant's motion to dismiss for lack of personal jurisdiction.  On February 3, 2011, the Court issued an order dismissing Defendant Dickson based on a lack of personal jurisdiction.  (*See* [ECF No. 111]).  A more thorough discussion of the applicable law can be found there.

Case No. 10-21879-CIV-ALTONAGA/Brown

## III.  ANALYSIS

Watkins maintains that the Court has no personal jurisdiction over him, a Texas resident, for alleged intentional torts committed outside of Florida's jurisdiction against a citizen of another state. Watkins asserts that he lacks requisite minimum contacts with Florida to satisfy personal jurisdiction under Florida's long-arm statute and the Constitution.[2]

### A.  Florida Long-Arm Statute

The Florida long-arm statute contains two provisions that confer personal jurisdiction over a nonresident defendant.  The first, Florida Statute section 48.193(1), confers specific jurisdiction if a claim "aris[es] from" a defendant's specific forum-related contacts.[3]  The second, Florida Statute section 48.193(2), confers general jurisdiction if a defendant's contacts with Florida are sufficiently pervasive.[4]  Schuster invokes the Court's jurisdiction over Watkins under both sections 48.193(1)(a)

---

[2]  Because the Court agrees it does not have personal jurisdiction over Watkins, it does not address Watkins's other arguments for dismissal.

[3]  Florida Statute section 48.193(1)(a) provides, in relevant part:

> (1)  Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from doing any of the following acts:
>
> > (a)  Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

FLA. STAT. § 48.193(1)(a).

[4]  Under Florida Statute section 48.193(2), "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."

6

Case No. 10-21879-CIV-ALTONAGA/Brown

and (2).  (*See* Mot. Opp. 8–11).

### 1.  *Specific Jurisdiction Under Section 48.193(1)(a)*

Plaintiff attempts to create a chain— from Watkins to Dickson to Florida, or from Watkins to One Court Song to Dickson to Florida — in order to connect Watkins to Florida.  To create this chain, Schuster tries to conjure up certain linkages.  Schuster asserts Watkins was one of Dickson's paid performers on the 2009 cruise.  (*See* Mot. Opp. 10).  According to her, "in exchange for his performance," Watkins was "compensated" with a free cruise.  (*Id.* (citing Watkins Dep. 34–37, 31–41, and 74–77)).  Somehow, from her tortured reading of Watkins's deposition, Schuster insists he performed "alongside Dickson Productions performer Stoney La Rue."  (*Id.* (citing Watkins Dep. 49)[5]).

Schuster next attempts to link Watkins to Dickson through One Court Song.  (*See id.*).  She states, "Dickson was a paid employee of One Court Song — an entity that compensated Watkins, at all times material, for performing with Stoney La Rue."  (*Id.* (citing Watkins Dep. 17)).  But "[i]n

---

[5]  The Court is unclear how Schuster can assert in good faith that Watkins performed alongside Stoney LaRue on the 2009 cruise.  She cites to page 49 of Watkins's deposition where the relevant exchange evidences that Watkins did *not* perform with Stoney LaRue on the 2009 Big Music Cruise:

> Q: What I'm trying to find out . . . [is] whether you definitively recall that you did not play with Stoney LaRue on the Big Music Cruise in 2009?
>
> A: I am sure I did not perform with Stoney LaRue on the cruise, sir, in 2009.

(Watkins Dep. 49:20–50:2).  Also, five-pages earlier there was another exchange regarding Watkins *not* playing with Stoney LaRue: "Q: Did you perform on stage with Stoney LaRue in the 2009 Big Music Cruise? . . . A: No, sir."  (*Id.* 44:21–24).  These are unequivocal statements, made under oath, that Watkins did not play with Stoney LaRue.  Schuster neither submits nor cites to any evidence to controvert this.

addition to the One Court Song salary, as further compensation, Defendant Watkins also received a free cruise." (*Id.* (footnote citation omitted)).  According to Schuster, "at all times material, Defendant Watkins was paid for performing aboard the 2009 Big Music Cruise."[6]

Schuster's attempt to link Watkins to Florida through this described chain fails.  Even if for the purposes of this Motion the Court assumes that Watkins was a paid performer on the 2009 Big Music Cruise and was in business or in a business venture with Dickson (whether directly employed by Dickson or employed by Dickson through One Court Song), this does not provide the Court personal jurisdiction over Watkins.  Dickson is a Texas corporation with its principal place of business in Texas.  (*See* Feb. 3, 2011 Order, 3).  Even if the Court credited Schuster's jurisdictional assertions that Watkins and Dickson were in business together, she nonetheless fails to demonstrate any connection between Watkins and Florida.

Likewise, even if the Court assumed that Watkins was in business or in a business venture with Guy Clark, this would not provide the Court with personal jurisdiction over Watkins.  Clark is a resident of Oklahoma, not Florida.  Finally, Watkins was not in business or in a business venture with Carnival.  He was merely a passenger on a Carnival cruise, he has never been compensated by Carnival, and he has never been employed by Carnival.  (*See* Watkins Dep. 85:19–86:15).

Based on the foregoing, the Court does not have specific personal jurisdiction over Watkins

---

[6]  The Court fails to see the logic of this argument.  According to Schuster, both Dickson (a corporation) and Watkins were employees of One Court Song.  It does not then follow that Watkins would be an employee of Dickson.  Even if Watkins did play with Stoney LaRue on the cruise, Watkins would still be, by Schuster's own line of reasoning, an employee of One Court Song, *not* of Dickson or Stoney LaRue. (*See* Mot. Opp. 10 ("One Court Song . . . compensated Watkins, at all times material, for performing with Stoney LaRue." (citing Watkins Dep. 17)).

under the Florida long-arm statute.

### 2. *General Jurisdiction Under Section 48.193(2)*

Schuster also maintains that Watkins was in a general course of business with Florida-based Carnival. She attempts to make this connection in three steps. First, Schuster states that Dickson "engaged in a general course of business with Florida based Carnival Corporation in the implementation, sale and marketing of the 'Big Music Cruise.'" (Mot. Opp. 10–11). Second, she asserts that Watkins "engaged in a general course of business with Dickson Productions . . . for economic benefit . . . ." (*Id.* at 11). And third, she connects the two "dots" and concludes, "Defendant Watkins was at all relevant times engaged in a general course of business with Florida based Carnival." (*Id.*)

Again, Schuster has not shown any direct connections between Watkins and Florida; all purported connections are through a third party. In the February 3, 2011 Order the Court previously determined that Dickson was not engaged in a general course of business with Carnival. Thus, Schuster's entire argument falls apart. Even if Watkins engaged in a general course of business with Dickson, because Dickson is not a Florida corporation for personal-jurisdiction purposes, this would not link Watkins to Florida. Furthermore, Schuster's "factual" contention that Watkins was engaged in a general course of business with Dickson is not based on any *facts*. Watkins performs in one Dickson event each year, the Big Ski Trip. That alone does not indicate a general course of business. At most, it might provide a basis for specific jurisdiction over Watkins in Colorado, where the event takes place, for torts arising out of any performances in Colorado.

Case No. 10-21879-CIV-ALTONAGA/Brown

**B. Due Process**

The Court next addresses whether the exercise of personal jurisdiction over Watkins would comply with the Due Process Clause of the Fourteenth Amendment. To determine whether a court's assertion of personal jurisdiction complies with due process, a court must assess: (1) whether the nonresident defendant has established sufficient "minimum contacts" with the forum; and (2) whether the exercise of jurisdiction over the defendant would offend traditional notions of fair play and substantial justice. *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994) (citations omitted); *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007).

**1.  *Minimum Contacts***

To establish sufficient minimum contacts for personal-jurisdiction purposes, the defendant's contacts with the forum must satisfy three criteria: (1) the defendant's contacts must be related to plaintiff's claims or give rise to them; (2) the defendant's contacts must include an act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum, "thereby invoking the benefits and protections of its laws"; and (3) the defendant's contacts with the forum must be of a nature that the defendant "should reasonably anticipate being haled into court there." *Sculptchair*, 94 F.3d at 631 (citing *Francosteel*, 19 F.3d at 627).

Schuster's jurisdictional assertions boil down to her contention that Watkins was in business with Dickson, a company that according to her enjoyed a general course of business with Florida-based Carnival. (*See* Mot. 10–11). According to Schuster, Watkins's contact with Florida is through Dickson to Carnival.

The Court has previously found that Dickson lacks sufficient minimum contacts with Florida.

10

Case No. 10-21879-CIV-ALTONAGA/Brown

(*See* Feb. 3, 2011 Order). Since Schuster's sole basis for linking Watkins to Florida is through Dickson, and Dickson has insufficient contacts with Florida, Watkins necessarily has insufficient minimum contacts with Florida.[7]

The Court next examines whether the nature of Schuster's claim against Watkins aids her position. Schuster's claim against Watkins is an intentional tort. Where intentional torts are alleged, a different minimum-contacts test is used. *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221 n.28 (11th Cir. 2009). In those cases, "the applicable test is the 'effects' test" from *Calder v. Jones*, 465 U.S. 783, 789–90 (1984). *Oldfield*, 558 F.3d at 1221 n.28. The "effects test" requires proof that the defendant: "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Id.* (citing *Calder*, 465 U.S. at 789–90).

This test does not aid Schuster in acquiring jurisdiction over Watkins because no injury allegedly occurred in this forum. Schuster is not a Florida resident, the cruise did not leave from or sail through Florida's waters, and any alleged tort occurred outside of Florida's territorial jurisdiction. There was thus no injury in the forum, and no resulting personal jurisdiction under the effects test.

**2.  *Traditional Notions of Fair Play and Substantial Justice***

The Court also examines several other factors to determine whether exercise of jurisdiction over the Defendant would comport with "fair play and substantial justice," an independent

---

[7] Watkins visited Florida for a wedding in April 2009. (*See* Watkins's Resp. to Pl.'s Interrog. No. 2 [ECF No. 110-1]). In the absence of any other contacts, that Florida visit would only provide personal jurisdiction over Watkins for actions arising out of that visit.

11

Case No. 10-21879-CIV-ALTONAGA/Brown

requirement Schuster must satisfy. *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008) (quoting *Int'l Shoe*, 326 U.S. at 320). The Court must consider the burden on the Defendant in litigating in the forum, the interest of the forum in adjudicating the dispute, Plaintiff's interest in obtaining convenient and effective relief, and the interest of the judicial system in efficiently resolving the dispute. *See id.* (citation omitted).

For the reasons discussed in the February 3, 2011 Order, it would offend traditional notions of fair play and substantial justice to require Watkins to defend himself here. First, the burden on Watkins litigating here is significant and not insubstantial given that he resides in Texas and has no contacts with Florida. Second, the Court does not have a great interest in adjudicating the dispute as the case presents an out-of-state Plaintiff who was harmed on a cruise that had zero contact with Florida. None of the allegedly wrongful actions occurred in Florida. Third, Schuster must already, should she choose to file suit against Dickson, file her complaint in Texas. Since she must litigate in Texas with Dickson, it is just as convenient for Schuster to add Watkins to that action. Finally, the judicial system's interest in efficiently resolving the controversy does not affect the Court's decision, as Plaintiff will necessarily have to proceed with two actions rather than one.

A review of the foregoing factors militates against jurisdiction; the Constitution would be offended by its exercise. *See Licciardello*, 544 F.3d at 1284 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). The Court thus concludes it lacks personal jurisdiction over Watkins.

### C.  Consent

Schuster maintains, as she did in her opposition to the dismissal of Dickson, that because

12

Case No. 10-21879-CIV-ALTONAGA/Brown

Watkins agreed to Carnival's terms and conditions in the passenger ticket contract, he "expressly agreed and consented to litigate in Florida 'all disputes and matters whatsoever arising under, in connection with, or incident to' the [Carnival] cruise." (Mot. Opp. 3 (quoting Carnival Cruise Lines Ticket Contract [hereinafter "Carnival's Terms"], Mot. Opp., Ex. A, at 7 [ECF No. 107-1] (alteration in original))).  Those terms and conditions include a forum-selection clause limiting all litigation to the state or federal courts in Miami-Dade County.  (*See id.*).  Because Watkins "traveled" twice aboard Carnival ships, Schuster insists he twice agreed to a Miami, Florida forum-selection clause and consented to be sued by her in Miami.  (Mot. Opp. 4).

For the reasons explained in the February 3, 2011 Order, this argument fails to persuade.[8] The forum-selection clause is of no help to Schuster.  She fails to acknowledge an important limitation on Carnival's forum-selection clause: it only applies to disputes "between" Carnival and the "guest."  (Mot. Opp., Ex. A, at 7).  Here, under the terms of any agreement Watkins signed, he would be the "guest," and Carnival's Terms only apply to disputes between Carnival and Watkins. Watkins and Schuster never entered into any agreements whereby they consented to litigation in Miami, Florida for disputes between them.

Carnival's forum-selection clause is of no aid to Schuster.  Watkins has not waived any objections to personal jurisdiction in this suit.

## IV.  CONCLUSION

For the above reasons, it is **ORDERED AND ADJUDGED** that Watkins's Motion to

---

[8] Although Watkins contends that he never "agreed" to any forum-selection clause, for the purposes of this Motion the Court assumes he agreed to Carnival's Terms.

13

Case No. 10-21879-CIV-ALTONAGA/Brown

Dismiss **[ECF No. 56]** is **GRANTED**.  The Case against Watkins is dismissed without prejudice to refile it in another jurisdiction.  All other motions regarding Watkins are **DENIED** as **moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of February, 2011.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

14